IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendant. | Civil Action No. 6:20-cv-465 |

**DEFENDANT'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF REGARDING THE MEANING OF "TIME-AVERAGING INTERVAL"**

| Microsoft's Proposed Construction | WSOU's Proposed Construction |
|---|---|
| an interval of time over which an average is taken | time interval for the collected "data" to be probative of the "at least one path" |

In construing this definition from the '902 Patent specification, the parties agree that the "interval" in "time-averaging interval" refers to an interval of time. Microsoft's construction reflects the plain meaning of "time-averaging" as used in the art, whereas WSOU's proposal eliminates the word "averaging" while importing extraneous language.

The '902 Patent specification confirms that the term "time-averaging," consistent with the plain language of the phrase, involves taking an average of a measure over some time period. This term does not appear in the claims, and the specification uses it just once, defining "packet loss rate" as "the fraction of packets that are lost over a suitable time-averaging interval." *See* '902 Patent, 3:45-49. The specification also discusses measuring "the fraction $W_{ij}$ of all packet pairs (counted over a suitable *averaging period*)," *id.*, 3:65-67 (emphasis added), illustrating that time-averaging involves selecting a time interval, and the fraction of packets lost (an average) may vary depending on the length of that interval. Finally, the specification repeatedly discusses taking averages to estimate a packet loss rate. *See, e.g.*, *id.*, 6:58-67 (describing a computation of "the average end-to-end loss rate"). These disclosures are consistent with the use of "time-averaging" in the art, where the term is frequently used in connection with measuring packet loss and other parameters on networks. *See, e.g.*, *Digital Fountain, Using DF Raptor® to Solve Packet Loss in IPTV Networks* ("DF Raptor") (Ex. 7), at 10 ("[T]ime-averaging plays an important role in measuring [packet loss]"); Dimitrios P. Pezaros, *Network Traffic Management for the Next Generation Internet* (August 2005) (Ex. 8), at 39-40 ("[A]vailable bandwidth definition requires time averaging of the instant utilization over the time interval of interest").

In contrast, WSOU's proposal attempts to import extraneous limitations from the specification to define "time-averaging interval." Specifically, WSOU improperly seeks to define the "time-averaging interval" as "probative" of the "at least one path" recited in claims 1 and 6. But those claims says nothing about any such relationship. While the "probity" of a time averaging interval or packet loss rates could have been defined in these claims, it is wholly improper to import such a requirement into the phrase "time-averaging interval." Indeed the only use of "probative" in the specification is the general "observation . . . that information collected at one link of the network, relating to losses of correlated pairs of packets, *may be probative* of loss rates on other, downstream links of the network." '902 Patent, 3:30-33 (emphasis added). The use of the permissive "may" indicates that there is no *requirement* that the collected data be probative of loss rates. *See Cadence Pharm. Inc. v. Exela PharmSci Inc.*, 780 F.3d 1364, 1369 (Fed. Cir. 2015); *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*, 412 F.3d 1284, 1287 (Fed. Cir. 2005). And this passage references "links," whereas the claim recites "at least one path." WSOU's proposal would improperly transform a single example discussing a *possibility* related to individual links, rather than the claimed "path," into a *requirement* concerning paths.

DATED: March 16, 2021         By:  /s/ *John W. McBride*
                                   Barry K. Shelton
                                   Texas State Bar No. 24055029
                                   SHELTON COBURN LLP
                                   311 RR 620 S, Suite 205
                                   Austin, TX 78734
                                   Telephone: (512) 263-2165
                                   Fax: (512) 263-2166
                                   bshelton@sheltoncoburn.com

                                   *Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
Richard M. Chen (*pro hac vice pending*)
Kevin R. Oliver (*pro hac vice pending*)
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com
rchen@sidley.com
kevin.oliver@sidley.com

*Attorneys for Defendant Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on March 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as identified below.

*/s/ John W. McBride*
John W. McBride
