**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | CASE NO. 6:20-CV-00454-ADA<br>CASE NO. 6:20-CV-00461-ADA<br>CASE NO. 6:20-CV-00465-ADA |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| MICROSOFT CORPORATION | |
| Defendant. | |

**BRAZOS' OMNIBUS MOTIONS *IN LIMINE***

## Table of Contents

1.    References or Arguments to Motions or Arguments or in Contradiction to the
      Markman Orders or Other Prior Orders..................................................................................1

2.    References to Privileged or Protected Material, Including (a) Questions
      Intended to Provoke an Answer That is Privileged or Protected, Including
      References to Claims of Privilege; (b) the Nature of Any Fact Witness's
      Preparation for Trial or for Deposition Testimony with That Witness's
      Counsel; (c) the Nature of Any Expert Witness's Preparation for Trial or for
      Deposition Testimony with That Party's Counsel; or (d) References to a
      Client's Fee Agreements...........................................................................................................1

3.    Criticisms of the Patent Office or Its Employees.................................................................2

4.    Other Patents as a Defense to Damages Due to "Royalty Stacking"...................................2

5.    References to Other Proceedings including Inter Partes Reviews.......................................3

6.    References to or Evidence Concerning Equitable Issues, Laches, Inequitable
      Conduct, Deceptive Intent, Fraud on the Patent Office, Misstatements about
      Claim Scope, Misleading the Patent Office, Misrepresentations to the Patent
      Office, or Withholding from the Patent Office....................................................................3

7.    Relative Importance of Claim Elements ..............................................................................4

8.    Evidence, Testimony, or Argument That the Accused Products Do Not
      Resemble the Examples in the Specification .......................................................................5

9.    Evidence, Testimony, or Argument Concerning Unanalyzed or Unelected
      Prior Art as Either Invalidating or Disclosing a Non-Infringing Alternative .....................5

10.   Brazos's Business Model and Name.....................................................................................6

11.   Non-Infringement Arguments based on Preferred Embodiments .......................................6

12.   Prior Claims, Causes of Action, or Forms of Relief............................................................7

13.   Compensation to Brazos's Owners, Officers, Employees, and Investors From
      Interest in Brazos ................................................................................................................7

14.   Microsoft's Patents .............................................................................................................8

15.   References to Forum Shopping, Litigation Abuse, or the Western District of
      Texas as a Popular or Improper Venue................................................................................8

16.     Argument or evidence that the damages sought are unprecedented or represent a lottery ticket or similar disparaging terms or arguments ...................................................9

17.     Microsoft's Reputation in the Industry, Innovation, or Philanthropy................................9

18.     References to Potential Damages as Increasing the Price of Products or Leading to Job Loses .................................................................................................10

19.     Predecessors' Non-Assertion of Patents-in-Suit against Microsoft.................................11

20.     Value and propriety of Patents Acquired from Others .....................................................11

21.     Absence of Inventors at Trial...........................................................................................12

22.     Allegations that Individual Claim elements Were In the Prior Art ..................................13

23.     Witnesses Not Disclosed and Contained on Microsoft's Witness List.............................13

24.     Law Firm and Lawyer Characteristics .............................................................................13

25.     References to How or to Whom a Damages Award May be Distributed..........................14

## Table of Authorities

**Page(s)**

**Cases**

*Accentra Inc. v. Staples, Inc.*,
No. CV 07-5862 ABC RZX, 2010 WL 8450890 (C.D. Cal. Sept. 22, 2010) ........................13

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
265 F.3d 1294 (Fed. Cir. 2001) ................................................................................................8

*Agere Sys., Inc. v. Atmel Corp.*,
No. 02-CV-864, 2005 WL 6728523 (E.D. Pa. Feb. 23, 2005) ...............................................13

*Am. Calcar, Inc. v. Am. Honda Motor Co.*,
651 F.3d 1318 (Fed. Cir. 2011) ................................................................................................4

*Bio-Tech. Gen. Corp. v. Genentech*,
80 F.3d 1553 (Fed. Cir. 1996) ................................................................................................8

*Brown v. Johnson & Johnson*,
No. CV 12-4929, 2015 WL 12834346 (E.D. Pa. Aug. 28, 2015) ...........................................10

*Carley v. Crest Pumping Techs., L.L.C.*,
No. 15-cv-00161, 2016 WL 8849697 (W.D. Tex. 2016) .........................................................3

*Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*,
No. CIV. CCB-13-1798, 2015 WL 2168840 (D. Md. May 7, 2015) .....................................12

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963 (E.D. Tex. July 12, 2016) ........................11

*Crouch v. John Jewell Aircraft, Inc.*,
No. 07-CV-638, 2016 WL 1274001 (W.D. Ky. Mar. 30, 2016) .............................................14

*Datatreasury Corp. v. Wells Fargo & Co.*,
No. 2:06-CV-72, 2010 WL 11468934 (E.D. Tex. Oct. 5, 2010) ..............................................9

*EZ Dock, Inc. v. Schafer Systems, Inc.*,
2003 U.S. Dist. LEXIS 3634 (D. Minn. March 8, 2003) ...........................................................2

*EZ Dock, Inc. v. Shafer Systems Inc.*,
2003 WL 1610781 (D. Minn. Mar. 8, 2003) ...........................................................................7

*Freshub, Inc. v. Amazon.com, Inc.*,
No. 6:21-cv-511-ADA, Dkt. 222 (W.D. Tex. June 13, 2021) (Albright, J.) ...........................4

*GS Cleantech Corp. v. Adkins Energy LLC*,
   951 F.3d 1310 (Fed. Cir. 2020)...........................................................................................4

*Habersham Plantation Corp. v. Molyneux*,
   No. 10-61526-CIV, 2011 WL 13216995 (S.D. Fla. Dec. 5, 2011).........................................10

*Helicos Biosciences v. Illumina, Inc.*,
   858 F. Supp. 2d 367 (D. Del. 2012).....................................................................................12

*In re Biogen '755 Patent Litig.*,
   No. 10-2734 (CCC) (JBC), 2018 WL 3613162 (D.N.J. July 26, 2018) .................................12

*In re Kahn*,
   441 F.3d 977 (Fed. Cir. 2006).............................................................................................13

*In re NTP, Inc.*,
   654 F.3d 1279 (Fed. Cir. 2011)...........................................................................................13

*Intellectual Ventures II LLC v. FedEx Corp.*,
   No. 2:16-CV-980-JRG, 2018 WL 10638138 (E.D. Tex. Apr. 26, 2018) ........................3, 6, 12

*Lucent Technologies, Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009).............................................................................................2

*Mars, Inc. v. TruRX LLC*,
   No. 6:13- CV-526-RWS-KNM, 2016 WL 4055675 (E.D. Tex. Apr. 29, 2016) ....................11

*Mass Engineered Design v. Ergotron et al.*,
   Case No. 2:06-cv-272 (Docket 582-1) (Davis, J.) (Oct. 20, 2008)...........................................2

*MV3 Partners LLC v. Roku, Inc.*,
   No. 6:18-cv-00308-ADA, Dkt. 332 (W.D. Tex. Sept. 29, 2020) (Albright, J.).............. *passim*

*Radio Steel & Mfg. Co. v. MTD Products, Inc.*,
   788 F.2d 1554 (Fed. Cir. 1986).............................................................................................4

*Saffran v. Johnson & Johnson*,
   2011 WL 10857558 (E.D. Tex. Jan. 13, 2011)....................................................................5, 7

*SimpleAir, Inc. v. AWS Convergence Techs., Inc.*,
   No. 2:09-CV-289, 2012 WL 13207358 (E.D. Tex. Apr. 3, 2012).........................................10

*SRI Int'l v. Matsushita Elec. Corp.*,
   775 F.2d 1107 (Fed. Cir. 1985) (en banc)...........................................................................5, 7

*Summit Data Sys. v. EMC Corp.*,
   No. 10-749-GMS, 2014 WL 4955689 (D. Del. Sept. 25, 2014)............................................12

iv

*Toshiba Corp. v. Imation Corp.*,
No. 09-CV-305-SLC, 2013 WL 1248633 (W.D. Wis. Mar. 26, 2013) ..................................10

*VLSI Tech. LLC v. Intel. Corp.*,
No. 21-cv-00057-ADA, Dkt. 508 (W.D. Tex. Feb. 19, 2021).........................................*passim*

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
520 U.S. 17 (1997).................................................................................................................4

**Statutes**

35 U.S.C. § 261 ........................................................................................................................11

35 U.S.C. § 282 ..........................................................................................................................2

**Rules**

Fed. R. Civ. P. 26(a)(1)(A) ......................................................................................................13

Fed. R. Civ. P. 26(b)(4) ..............................................................................................................2

Fed. R. Civ. P. 37(c)(1) ............................................................................................................13

Fed. R. Evid. 401 ............................................................................................................. *passim*

Fed. R. Evid. 402 ............................................................................................................. *passim*

Fed. R. Evid. 403 ............................................................................................................. *passim*

Fed. R. Evid. 404 ........................................................................................................................9

Fed. R. Evid. 501 ........................................................................................................................2

Fed. R. Evid. 502 ........................................................................................................................2

Local Rule 16–2.4 ....................................................................................................................13

The violations of any, or all, of these instructions will constitute harm to Brazos, deprive Brazos of a fair and impartial trial, and Brazos requests that the Court instruct all counsel that the failure to abide by such Order of the Court may constitute contempt, concerning the following:

\* \* \* \* \*

1.      **References or Arguments to Motions or Arguments or in Contradiction to the *Markman* Orders or Other Prior Orders:** By This Court: Unless specifically authorized, any reference, argument, or testimony to the fact or content of any motion, argument, or brief on behalf of Brazos, or in contradiction to the rulings by this Court on any such motion, should be precluded. FRE 401-403. This includes prior motions and orders from the Court, and also bars any reference to the indefiniteness arguments that Microsoft already made and that this Court previously rejected. *See VLSI Tech. LLC v. Intel. Corp.*, No. 21-cv-00057-ADA, Dkt. 508 at 4 (W.D. Tex. Feb. 19, 2021) (granting motion in limine prohibiting "[e]vidence or argument contrary to claim constructions"); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. 332 at 5 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion in limine prohibiting "Testimony or Arguments Contrary to or Unsupported by the Court's Claim Construction Order").

2.      **References to Privileged or Protected Material, Including (a) Questions Intended to Provoke an Answer That is Privileged or Protected, Including References to Claims of Privilege; (b) the Nature of Any Fact Witness's Preparation for Trial or for Deposition Testimony with That Witness's Counsel; (c) the Nature of Any Expert Witness's Preparation for Trial or for Deposition Testimony with That Party's Counsel; or (d) References to a Client's Fee Agreements:** Any material that is privileged and that has not been waived, including questions designed to elicit a response of privilege or reference to privilege logs.

1

Any such reference or evidence would be irrelevant and/or more prejudicial than probative. FRE 401-403, 501-502. Federal Rule of Civil Procedure 26(b)(4) protects communications between experts and counsel on which the experts do not rely. Thus, unless the expert relied on assumptions provided by an attorney, such material is protected under the Federal Rules. Finally, any fee agreements of the clients are irrelevant and/or prejudicial. FRE 401-403. This limine is not meant to protect discoverable information from experts such as hourly rates or bills.

      **3.**      <u>**Criticisms of the Patent Office or Its Employees**</u>: Any testimony, statement, opinion or argument suggesting that the PTO and its examiners lack expertise, are overworked, are not diligent, or are prone to error. Such evidence is not relevant and would be calculated impermissibly to undermine the statutory presumption that an issued patent is valid and enforceable. 35 U.S.C. § 282; *see also EZ Dock, Inc. v. Schafer Systems, Inc.*, 2003 U.S. Dist. LEXIS 3634 at *36 (D. Minn. March 8, 2003) ("As for assertions that the PTO and its examiners are not diligent or are prone to error, the Court can find no relevance in either evidence to that effect or argument. It is Microsoft's burden to prove, by the greater weight of the evidence, that the [patent in suit] is either invalid or unenforceable. Aspersions are not evidence."); *Mass Engineered Design v. Ergotron et al.*, Case No. 2:06-cv-272 (Docket 582-1) (Davis, J.) (Oct. 20, 2008) at 8 (Limine # 30) (granting this motion).

      **4.**      <u>**Other Patents as a Defense to Damages Due to "Royalty Stacking"**</u>: It is improper to attempt to refer to other patents that may cover the accused product in order to limit damages under a supposed "royalty-stacking" argument. Any testimony on other patents covering the accused infringing products without a proper tie to the patents-in-suit not only is cumulative to the extensive testimony covering the profitability of those products, but it is also irrelevant under *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009). Such testimony would

serve no purpose other than to create the potential for unfair prejudice and for jury confusion on the subject of the proper royalty amount. *See VLSI Tech.*, No. 21-cv-00057-ADA, Dkt. 508 at 2 (granting motion in limine prohibiting "[h]ypothetical royalty stacking")

5. **References to Other Proceedings including Inter Partes Reviews**: Brazos files this motion *in limine* regarding any reference to other litigation involving the parties including Inter Partes Reviews concerning the patents-in-suit. Courts routinely preclude evidence of other litigation as irrelevant and unduly prejudicial. *See MV3 Partners*, No. 6:18-cv-00308-ADA, Dkt. 332 at 2 (granting motion in limine to exclude references to prior litigation involving plaintiff or its witnesses); *Carley v. Crest Pumping Techs.*, *L.L.C.*, No. 15-cv-00161, 2016 WL 8849697, at *1 (W.D. Tex. 2016) (excluding evidence and arguments regarding unrelated lawsuits as "irrelevant and unfairly prejudicial"). Similarly, Pursuant to Rules 402 and 403, the Court should preclude any argument, evidence, or suggestion regarding inter partes review proceedings involving the asserted patents. As a result, any reference to the proceedings would be unduly prejudicial and would risk misleading the jury and confusion of the issues. *See* Fed. R. Evid. 403; *see also MV3 Partners,* No. 6:18-cv-00308-ADA, Dkt. 332 at 4 (granting motion in limine to exclude references to inter partes reviews); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-980-JRG, 2018 WL 10638138, at * 4 (E.D. Tex. Apr. 26, 2018) (holding that "[n]o Party will be permitted to reference any post issuance proceedings without leave of the Court").

6. **References to or Evidence Concerning Equitable Issues, Laches, Inequitable Conduct, Deceptive Intent, Fraud on the Patent Office, Misstatements about Claim Scope, Misleading the Patent Office, Misrepresentations to the Patent Office, or Withholding from the Patent Office**: Courts repeatedly grant *limine* motions seeking to bar defendants from raising issues that are properly equitable issues reserved for the Court. It is well-established that

inequitable conduct is an equitable remedy to be resolved by the Court, including any underlying factual disputes regarding materiality and intent. *GS Cleantech Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1325 (Fed. Cir. 2020) ("inequitable conduct is an equitable issue committed to the discretion of the trial court"); *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1333 (Fed. Cir. 2011) ("Inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent."). Accordingly, this Court has previously granted motions in limine on this identical topic, and the same result should follow here. *See Freshub, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-511-ADA, Dkt. 222 at 2 (W.D. Tex. June 13, 2021) (Albright, J.) (granting motion in limine concerning inequitable conduct); *VLSI Tech.*, No. 21-cv-00057-ADA, Dkt. 508 at 2 (granting motion in limine regarding "[a]lleged inventor misconduct before the PTO"); *MV3 Partners*, No. 6:18-cv-00308-ADA, Dkt. 332 at 3 (granting motion in limine prohibiting references to issue of inequitable conduct).

7. **Relative Importance of Claim Elements**: Any evidence, testimony, argument, or other reference to any testimony relating to the alleged relative importance of the claim elements of any of the claims of the patents-in-suit. The Court should not allow any statements or testimony asserting that any particular claim element of any claim of the patents-in-suit is more important than any of the other claim elements. The claims define the invention as a whole. *See, e.g., Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 29 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention. . . ."); *Radio Steel & Mfg. Co. v. MTD Products, Inc.,* 788 F.2d 1554, 1556 (Fed. Cir. 1986). Any such statements would be an incorrect assertion of law and would pose a significant danger of irreversible prejudice, confusion of the issues, and misleading the jury that could not be corrected by instruction from Court. FRE 403. Accordingly, Brazos requests that the Court preclude Microsoft

from offering or eliciting testimony that any particular claim element of the patents-in-suit is more important than any other claim elements.

8.      **Evidence, Testimony, or Argument That the Accused Products Do Not Resemble the Examples in the Specification**: Microsoft should not be permitted to argue or suggest that the accused products do not infringe because they do not resemble the drawings or examples in the patents. *See, e.g.*, *Saffran v. Johnson & Johnson*, 2011 WL 10857558, at *1 (E.D. Tex. Jan. 13, 2011) (granting motion in limine regarding "comparing [accused product] to the preferred embodiments of the '60 Patent"). Infringement is determined by a comparison of the properly-construed claims to the accused products. *See, e.g.*, *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121, (Fed. Cir. 1985) (en banc) ("Infringement, literal or by equivalence, is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit."). Although the drawings and examples in the patents may be relevant to the proper construction of the claims (so long as the claims are not being limited to the embodiments, of course), the process of claim construction is over. There is no possible remaining relevance of the drawings and examples in the specification to infringement in this case, and there is a very real danger that by pointing to those drawings/examples, Microsoft will confuse the jury into thinking those drawings/examples relate to the infringement analysis. This evidence, testimony, or argument is therefore inadmissible under FRE 401-403.

9.      **Evidence, Testimony, or Argument Concerning Unanalyzed or Unelected Prior Art as Either Invalidating or Disclosing a Non-Infringing Alternative**: Microsoft identified a large amount of alleged prior art, but by the time of trial have narrowed down that art to certain specific references expressly analyzed by Microsoft's experts in their reports. There

should be no references to prior art not expressly analyzed by Microsoft's experts. Similarly, there should be no reference to any prior art that was not expressly charted in Microsoft's invalidity contentions. Because this Court has previously precluded this identical topic, the same result should follow here. *See VLSI Tech.*, No. 21-cv-00057-ADA, Dkt. 508 at 5 (granting motion in limine prohibiting references to "Non-Elected Prior Art").

10.   **Brazos's Business Model and Name:** Brazos moves in limine under FRE 401, 402, and 403 to preclude Microsoft from offering or eliciting argument, evidence, or testimony disparaging the fact that Brazos is currently a non-practicing entity that owns patents but does not practice the patents in-suit. In particular, Microsoft should not be permitted to refer to Brazos—or Brazos's representatives, employees, or affiliate entities—as, for example, a "patent troll," "pirate," "bounty hunter," "privateer," "paper patent," "non-practicing entity," "submarine patent," "torpedo," "playing the lawsuit lottery," "corporate shell," "litigation shell," "patent assertion entity," "a company that does not make anything," or "a company that does not sell anything." Similarly, Microsoft, its counsel and witnesses should be prohibited from referring to Brazos as "We-Sue." In addition to being inaccurate, such evidence would contaminate the trial with irrelevant matters that will mislead, prejudice, and confuse the jury, and the relevance of which is substantially outweighed by the dangers of unfair prejudice. *See, e.g.*, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. 332 at 2 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion in limine prohibiting references to plaintiff as "Non-Practicing Entity"); *Intellectual Ventures II*, No. 2:16-CV- 00980-JRG, Dkt. No. 505, at 5-6.

11.   **Non-Infringement Arguments based on Preferred Embodiments:** The Court should preclude Microsoft from offering or presenting any evidence or argument that Brazos's patents, or their claims, are limited to aspects of preferred embodiments from their specifications.

This includes comparisons of the Accused Products against the preferred embodiments that were disclosed in the specification. *See, e.g., Saffran v. Johnson & Johnson*, No. 2:07–CV–451 (TJW), 2011 WL 10857558, at *1 (E.D. Tex. Jan. 13, 2011) (granting motion in limine to bar "comparing [accused product] to the preferred embodiments of the '760 Patent"). Nor should Microsoft be allowed to argue that the benefits of the Patents-in-Suit are limited to the benefits attributable to the preferred embodiments. Infringement analysis is properly based on a comparison of the Accused Products and the construed patent claims; a comparison of the Accused Products to the specification is wholly inappropriate and irrelevant. *See, e.g., SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121, (Fed. Cir. 1985) (en banc) ("Infringement, literal or by equivalence, is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit.").

12. **<u>Prior Claims, Causes of Action, or Forms of Relief</u>**: This motion encompasses claims that are no longer part of the case, including but not limited to asserted claims or patents and prior art references that were previously in suit, but no longer are. Such references are irrelevant and more prejudicial than probative. FRE 401-403; *EZ Dock, Inc. v. Shafer Systems Inc.*, 2003 WL 1610781 at *13 (D. Minn. Mar. 8, 2003) (finding plaintiff's "dismissal of certain claims had no relevance to the patent infringement claim the jury must decide").

13. **<u>Compensation to Brazos's Owners, Officers, Employees, and Investors From Interest in Brazos</u>**: The compensation to any Brazos owner, officer, employee, or investor from their interest in Brazos is irrelevant, and substantially outweighed by the danger of prejudice, confusing, and the risk of misleading the jury. FRE 401-403. Microsoft should be prevented from mentioning Brazos's witnesses' wealth and past compensation. To be clear, this motion does not

apply to evidence of alleged bias from a witness's potential to profit from the instant litigation or interest in Brazos.

14.     **Microsoft's Patents**: There should be no references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding Microsoft's patents or suggesting that a patent or patent application is a general defense to infringement should be barred. Microsoft should be precluded from presenting such evidence because it is likely to confuse and mislead the jury into believing that Microsoft already owns patents that are similar to Brazos's patents, when, in fact, there is no evidence that is true. The jury may also be misled into believing that Microsoft is simply practicing its own patents and thus cannot be infringing. Similarly, there should be no reference or allegation that Microsoft's own patents are related to or cover the Accused Products. *See Bio-Tech. Gen. Corp. v. Genentech*, Inc., 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent."); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001) ("The fact that [accused infringer's] patent might read on the [accused device] is totally irrelevant to the question of whether [the accused infringer] willfully infringed another patent."); *MV3 Partners,* No. 6:18-cv-00308-ADA, Dkt. 332 at 4 (granting motion in limine to exclude "[a]llegations that any of [defendant]'s patents are related to and/or cover the accused products").

15.     **References to Forum Shopping, Litigation Abuse, or the Western District of Texas as a Popular or Improper Venue**: There should be no reference to Brazos allegedly engaging in forum shopping or litigation abuse by selecting the Western District of Texas as the venue for this action or Waco as its headquarters. Further, the Court should exclude any reference concerning the Western District of Texas as a popular venue for patent litigation generally, or as

being an improper or inconvenient venue for this action in particular. Such references are wholly irrelevant to the infringement claims at issue, amount to improper character evidence, and run the high risk of unfair prejudice, confusion of the issues, wasting time, and/or misleading the jury. Fed. R. Evid. 402, 403, 404; *MV3 Partners*, No. 6:18-cv-00308-ADA, Dkt. 332 at 3 (granting an identical motion); *see also Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72, 2010 WL 11468934, at *3-4 (E.D. Tex. Oct. 5, 2010) (precluding evidence or argument that (1) plaintiff relocated its headquarters "in an attempt to engage in forum shopping or for establishing venue for this litigation," (2) there was any impropriety in plaintiff's right to select the forum, and (3) the jurors in the district are "plaintiff-oriented," "hostile towards defendants," or the district is the "patent lawsuit capital of the world" or similar statements).

16.    **Argument or evidence that the damages sought are unprecedented or represent a lottery ticket or similar disparaging terms or arguments:** Microsoft should not be allowed to offer evidence or argument that the total amount of damages that Brazos is seeking in this litigation is unprecedented or amount to a "lottery ticket." The damages sought were determined, individually for each patent asserted in this case, by an objective calculation of a reasonable royalty based on, among other things, application of the Georgia-Pacific factors. There is no basis to argue these damages are unprecedented. *See VLSI Tech*, No. 21-cv-00057-ADA, Dkt. 508 at 5 (W.D. Tex. Feb. 19, 2021) (granting motion prohibiting references that "Damages are unprecedented or lottery ticket.").

17.    **Microsoft's Reputation in the Industry, Innovation, or Philanthropy:** Evidence and argument regarding Microsoft's supposed reputation in the industry for innovation would distract the jury from the issues in dispute: whether the patents are infringed and valid. Such evidence or argument does not make any proposition in dispute more or less likely and therefore

should be excluded under Federal Rules of Evidence 401 and 402. *See SimpleAir, Inc. v. AWS Convergence Techs., Inc.*, No. 2:09-CV-289, 2012 WL 13207358, at *2 (E.D. Tex. Apr. 3, 2012) ("Defendants are precluded from presenting irrelevant evidence or argument regarding their company character and achievements, including evidence about their companies' awards, achievements, innovations, or the history of their founding. This motion is GRANTED."); *Toshiba Corp. v. Imation Corp.*, No. 09-CV-305-SLC, 2013 WL 1248633, at *26 (W.D. Wis. Mar. 26, 2013) ("Toshiba will be allowed to present limited background evidence about DVD6C, its licensing activities, and Toshiba's role in formulating the DVD standard and contributing to the DVD6C pool, because these activities relate to the patents-in-suit. This is not a blank check for Toshiba to tout its achievements or to attempt to establish itself as a leader innovator in consumer electronics; if Toshiba tries to do so, then the court will grant any objection made."). Similarly, evidence of philanthropy or Microsoft's good acts or reputation is irrelevant, prejudicial, and should be excluded. *Brown v. Johnson & Johnson*, No. CV 12-4929, 2015 WL 12834346, at *1 (E.D. Pa. Aug. 28, 2015) (granting motion in limine to exclude evidence or argument "as to acts of corporate charity and good acts"); *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV, 2011 WL 13216995, at *10 (S.D. Fla. Dec. 5, 2011) (excluding evidence or argument as to plaintiff's "good acts").

18.    **References to Potential Damages as Increasing the Price of Products or Leading to Job Loses:** The Court should preclude any evidence or argument suggesting that if the jury were to award Brazos the damages it is seeking, it would increase the price of Microsoft's products, put companies out of business, or lead to a loss of jobs. Such evidence or argument has no relevance at all to the issues of infringement and validity and would be unfairly prejudicial. *See* Fed. R. Evid. 401, 402, 403. For this reason, this Court and other courts in this Circuit routinely

preclude the admission of such evidence. *MV3 Partners*, No. 6:18-cv- 00308-ADA, ECF No. 332, at 2 (precluding Roku from suggesting "that a Damages Award may Increase the Price of Roku's Products, put Roku's Manufacturers Out of Business, or Lead to the Loss of Jobs"); *Mars, Inc. v. TruRX LLC*, No. 6:13- CV-526-RWS-KNM, 2016 WL 4055675, at *2 (E.D. Tex. Apr. 29, 2016) (prohibiting defendants from "suggest[ing] that any company will experience adverse consequences as a result of the jury's verdict"); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (prohibiting defendant from arguing "that a verdict for Core would result in higher costs to the consumer").

19.    **Predecessors' Non-Assertion of Patents-in-Suit against Microsoft:** Microsoft should be precluded from offering evidence or argument that predecessor owners of the patents-in-suit did not assert the patents against Microsoft either in a lawsuit or in negotiation, as it has no tendency to prove or disprove validity or infringement. It is likewise not relevant to damages. Whether predecessor owners recognized or evaluated their rights, and any steps that they took to do so, or whether they ever had the information or expertise to do so, are not in evidence. *See VLSI Tech*, No. 21-cv-00057-ADA, Dkt. 508 at 4 (granting identical motion in limine).

20.    **Value and propriety of Patents Acquired from Others:** Microsoft should be precluded from making any disparaging remarks or arguments implying that (1) it is improper to assert patents acquired from others; (2) it is improper to assert patents without practicing them; and (3) acquired patents are less valuable than other patents. Like other types of property, a patent is legally assignable; an assignment grants the assignee all rights of the assignor. *See* 35 U.S.C. § 261. Moreover, there is no legal requirement that a patent owner must practice the claimed invention to assert the patent in litigation. Further, the manner by which a patent owner obtained a patent has no bearing on its value. Courts have prohibited derogatory references to a patent

11

owner's business model to imply impropriety or diminished patent value, and such references should likewise be excluded in this action in accordance with this policy. *See*, *e.g.*, *Intellectual Ventures II LLC*, Case No. 2:16-cv-00980, Dkt. 505, at 6-7; *Summit Data Sys. v. EMC Corp.*, No. 10-749-GMS, 2014 WL 4955689, at *4 (D. Del. Sept. 25, 2014) ("Non-practicing entities … are entitled to enforce their patent rights through litigation"); *Helicos Biosciences v. Illumina, Inc.*, 858 F. Supp. 2d 367, 373 (D. Del. 2012) (rejecting view that "patent enforcement companies[] should be treated as second- class citizens"); *see also VLSI Tech*, No. 21-cv-00057-ADA, Dkt. 508 at 4 (granting identical motion in limine).

21.     **Absence of Inventors at Trial:** The Court should preclude Microsoft from making any references to the absence from trial of any of the inventors on the patents-in-suit. Whether an inventor is testifying at trial is irrelevant to infringement, damages, or any other issue to be decided in this action, and evidence on this point would serve only to confuse the jury and unfairly prejudice Brazos. *See* Fed. R. Evid. 401-403. Courts routinely grant motions in limine excluding references to inventors' absence at trial as irrelevant under Rules of Evidence 401-403. *See Intellectual Ventures II LLC*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *4  ("Preclude FedEx from commenting on the absence of any of the Asserted Patents' non-party inventors throughout the litigation, including at trial. This motion in limine is GRANTED."); *In re Biogen '755 Patent Litig.*, No. 10-2734 (CCC) (JBC), 2018 WL 3613162, at *2 (D.N.J. July 26, 2018) (excluding evidence or arguments that any inference can be drawn against plaintiff because of the absence at trial of the sole named inventor of the patent); *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, No. CIV. CCB-13-1798, 2015 WL 2168840, at *2 (D. Md. May 7, 2015) ("motion to exclude any comment on the absence of the patent's inventor … from the trial … is GRANTED"); *see also VLSI Tech*, No. 21-cv-00057-ADA, Dkt. 508 at 4 (granting identical motion in limine).

22.     **Allegations that Individual Claim elements Were In the Prior Art**: Microsoft should be precluded from introducing evidence or argument that individual claim elements were known in the prior art separate from an opinion that it would be obvious to combine these references together to yield the full invention of at least one challenged patent claim. Such an analysis is improper because as a matter of patent law, a combination of previously known elements can be patentable. *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole."); *In re NTP, Inc.*, 654 F.3d 1279, 1299 (Fed. Cir. 2011) (piecemeal analysis is precisely the type of obviousness inquiry that must not be conducted). The question is not whether individual elements in isolation were known, but whether the combination in the claimed invention as a whole was obvious. *Kahn*, 441 F.3d at 986; *see also VLSI Tech*, No. 21-cv-00057-ADA, Dkt. 508 at 4 (granting identical motion in limine).

23.     **Witnesses Not Disclosed and Contained on Microsoft's Witness List**: Microsoft should not be allowed to present witness not found on their initial disclosures nor should it be allowed to call witnesses who are not found on Microsoft's witness list. Court's routinely grant similar motions. *Accentra Inc. v. Staples, Inc.*, No. CV 07-5862 ABC RZX, 2010 WL 8450890, at *7 (C.D. Cal. Sept. 22, 2010) ("because these witnesses were disclosed after the initial disclosures under Rule 26(a)(1)(A), after the close of discovery, and after the deadline under Local Rule 16–2.4, Rule 37(c)(1) compels exclusion of the evidence . . ."); *Agere Sys., Inc. v. Atmel Corp.*, No. 02-CV-864, 2005 WL 6728523, at *1 (E.D. Pa. Feb. 23, 2005) (same)

24.     **Law Firm and Lawyer Characteristics:** No person should make statements or comments in front of the venire or jury about the characteristics of the lawyers and law firms involved in trying the case, including but not limited to statements about attorneys' ages, level of

experience, reputations, specializations, geographic locations, and hourly rates. This also includes Brazos's decision to substitute counsel in this case and any references regarding actions taken or not taken by prior counsel. Such statements are irrelevant and likely prejudicial. TRE 401, 402, 403. Courts routinely grant motions in limine to preclude irrelevant attempts to describe or characterize opposing counsel at trial. *See, e.g., Crouch v. John Jewell Aircraft, Inc.*, No. 07-CV-638, 2016 WL 1274001, at *1 (W.D. Ky. Mar. 30, 2016) (citing cases).

      **25.**      <u>**References to How or to Whom a Damages Award May be Distributed:**</u> Brazos moves the Court for an order in limine excluding any voir dire question, argument, evidence, testimony (including expert testimony), insinuation, reference, or assertion regarding how or to whom any damage award to Brazos might be distributed. First of all, no such evidence has been adduced during discovery in this case, so any suggestion by Microsoft as to how an award to Brazos might be distributed would amount to pure speculation. Microsoft should not be permitted to explore how Brazos may distribute a damage award, including adducing any evidence that Brazos's counsel may receive a contingent fee. Any such references are irrelevant to any issue the jury must decide, will likely confuse and mislead the jury, and could only be offered to prejudice the jury against Brazos and its counsel. This Court has previously granted in limine orders on identical topics. *See MV3 Partners*, No. 6:18-cv-00308-ADA, Dkt. 332 at 2 (granting motion in limine prohibiting topics of "How or to Whom a Damages Award to [Plaintiff] may be Distributed, including its Members' Ownership Interests" and "[Plaintiff's] Attorney Fee Agreements or Payments and/or Non-Payments to its Counsel").

Dated: May 17, 2022                    Respectfully submitted,

                                       SUSMAN GODFREY L.L.P.


                                       By: */s/ Shawn Blackburn*
                                           J. Hoke Peacock III
                                           Texas Bar No. 15673980
                                           Max L. Tribble, Jr.
                                           Texas Bar No. 2021395
                                           Shawn Blackburn *(pro hac vice)*
                                           Texas Bar No. 24089989
                                           1000 Louisiana Street, Suite 5100
                                           Houston, Texas 77002-5096
                                           Telephone: (713) 651-9366
                                           Fax: (713) 654-6666
                                           tpeacock@susmangodfrey.com
                                           mtribble@susmangodfrey.com
                                           sblackburn@susmangodfrey.com

                                           Kalpana Srinivasan
                                           California Bar No. 237460
                                           Anna Catherine Coll *(pro hac vice)*
                                           California Bar No. 337548
                                           1900 Avenue of the Stars, 14th Floor
                                           Los Angeles, California 90067-6029
                                           Telephone: (310) 789-3100
                                           Fax: (310) 789-3150
                                           ksrinivasan@susmangodfrey.com
                                           acoll@susmangodfrey.com

                                           Elizabeth Aronson *(pro hac vice)*
                                           New York Bar No. 5704432
                                           1301 Avenue of the Americas, 32nd Floor
                                           New York, New York  10019
                                           Telephone: (212) 336-8330
                                           Fax: (212) 336-8340
                                           baronson@susmangodfrey.com

Mark D. Siegmund
Texas Bar No. 24117055
Justin Allen
Texas Bar No. 24081977
STECKLER, WAYNE, COCHRAN,
CHERRY, PLLC
8416 Old McGregor Road
Waco, Texas  76712
Telephone: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
justin@swclaw.com

**COUNSEL FOR PLAINTIFF WSOU
INVESTMENTS, LLC D/B/A BRAZOS
LICENSING AND DEVELOPMENT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 17, 2022, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

<div style="margin-left: 50%;">

*/s/  J. Hoke Peacock III*
J. Hoke Peacock III
Counsel for Plaintiff

</div>