PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>  Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | CASE NO. 6:20-CV-00454-ADA<br>CASE NO. 6:20-CV-00461-ADA<br>CASE NO. 6:20-CV-00465-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF BRAZOS LICENSING AND DEVELOPMENT'S OPPOSITION TO DEFENDANT MICROSOFT CORPORATION'S *MOTIONS IN LIMINE***

**TABLE OF CONTENTS**

Page

I. EVIDENCE OF MICROSOFT'S MARKET CAPITALIZATION, TOTAL REVENUE OR PROFITS, MICROSOFT'S TOTAL REVENUES OR PROFITS FOR AZURE, OR REVENUES, PROJECTIONS, OR SIZE OF THE GLOBAL OR NATIONAL CLOUD OR SERVER MARKET. ...............................1

II. EITHER PARTY'S POSITIONS DURING CLAIM CONSTRUCTION ..........................2

III. SUGGESTION THAT MICROSOFT SHOULD HAVE OR DID NOT PRODUCE DOCUMENTS OR SOURCE CODE, OR SPECULATION REGARDING THE EXISTENCE OF UNPRODUCED DOCUMENTS .........................2

IV. SECONDARY INDICIA OF NONOBVIOUSNESS .................................................4

V. DOCTRINE OF EQUIVALENTS .................................................................................6

VI. INDUCED OR CONTRIBUTORY INFRINGEMENT ......................................................7

VII. EXPERT TESTIMONY OUTSIDE THE SCOPE OF DR. MCCLELLAN'S, DR. BRATIC'S, OR DR. BLOK'S REPORTS ..................................................................7

VIII. ARGUMENT OR IMPLICATION THAT MICROSOFT HAD PRE-SUIT KNOWLEDGE OF THE ASSERTED PATENTS ..............................................................7

IX. USE OF ACCUSED FUNCTIONALITIES OR PRODUCTS AS DESCRIPTORS OF THE ASSERTED PATENTS ..............................................................8

X. UNRELATED LAWSUITS OR VERDICTS INVOLVING MICROSOFT ......................8

XI. ███████████████████████████████ .........................................................8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bertroche v. Mercy Physician Assocs., Inc.*,
   No. 18-CV-59-CJW-KEM, 2019 WL 7761809 (N.D. Iowa Oct. 28, 2019) ..............................3

*Caluori v. One World Techs., Inc.*,
   No. CV 07-2035 CAS-VBKX, 2012 WL 2004173 (C.D. Cal. June 4, 2012).........................3

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
   Case No. 13-cv-01112-JRG, 2015 WL 12915561...................................................................4

*Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*,
   851 F.2d 1387 (Fed. Cir. 1988)................................................................................................5

*Digital Reg of Texas, LLC v. Adobe Sys., Inc.*,
   No. C 12-1971 CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) .......................................2

*Garcia v. Hackman*,
   No. CA C-10-311, 2012 WL 401048 (S.D. Tex. Feb. 6, 2012)................................................4

*Genband US LLC v. Metaswitch Networks Corp.*,
   Case No. 2:14-cv-33-JRG-RSP, 2015 WL 12911530 (E.D. Tex. Sept. 30,
   2015) .......................................................................................................................................4

*Gonzalez v. City of Three Rivers*,
   No. CA C-12-045, 2013 WL 1150003 (S.D. Tex. Feb. 8, 2013)..............................................6

*Infernal Tech., LLC v. Sony Interactive Ent. LLC*,
   No. 2:19-CV-00248-JRG, 2021 WL 405813 (E.D. Tex. Feb. 3, 2021) ...................................5

*Key Energy Serv., Inc. v. C.C. Forbes, LLC*,
   No. 2:08-cv-346-CE, 2011 WL 7429433 (E.D. Tex. June 3, 2011).........................................4

*Lucent Techs. Inc. v. Gateway, Inc.*,
   Nos. 02CV206, 03CV0699, 03CV1108, 2007 WL 1306539 (S.D. Cal. 2007).........................2

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
   No. 9:09-CV-176, 2010 WL 11469880 (E.D. Tex. Feb. 26, 2010)..........................................6

**Rules**

Fed. R. Evid. 1006 ........................................................................................................................2

**Treatises**

21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc* § 5037.18
    (2d ed. West 2009)............................................................................................................5

Plaintiff WSOU Investments, LLC ("Brazos") respectfully opposes Defendant Microsoft Corporation's ("Microsoft") Motions *in Limine* seeking an order to preclude Plaintiff, its counsel, and witnesses from mentioning, referring to, or offering any evidence or argument relating to the following matters within the hearing of any member of the jury during *voir dire* or at any time during trial, as follows.

I. **EVIDENCE OF MICROSOFT'S MARKET CAPITALIZATION, TOTAL REVENUE OR PROFITS, MICROSOFT'S TOTAL REVENUES OR PROFITS FOR AZURE, OR REVENUES, PROJECTIONS, OR SIZE OF THE GLOBAL OR NATIONAL CLOUD OR SERVER MARKET.**

Brazos should not be precluded in advance of trial from referencing Microsoft's market capitalization, total revenue or profits.[1]

Reference to Microsoft's total revenues is relevant to Brazos's presentation of damages. In order to determine the contribution of the patented technology to the incremental benefits Microsoft realized that can be attributed to the patents-in-suits, Brazos's damages experts, Mr. Blok and Mr. Bratic, considered the ratio of Microsoft's research and development ("R&D") expenses to Microsoft's operating expenses (the "R&D-to-operating expenses ratio"). The ratio was calculated from figures contained in Microsoft's Form 10-Ks, which Mr. Blok and Mr. Bratic summarized in Exhibits A10 and B11 to their report. *See* Aronson Decl. Ex. 1 at Exhibit A10 & Exhibit B11 (Excerpts from Expert Report of Justin R. Blok and Walter Bratic). The summaries include information concerning Microsoft's total revenues and expenses that was sourced from the

---

[1] Brazos does not intend to refer to Microsoft's total revenues or profits for Microsoft Azure; or revenues, projections, or size of the global or national markets for cloud services or server operating systems. However, if Microsoft opens the door by presenting any argument, evidence, or testimony tending to suggest that the accused products are not profitable, that Microsoft loses money on the accused products, or that the infringing technologies are minor or small features of Microsoft Azure or Windows Server, then Brazos should at a minimum be permitted to reference Microsoft's total profits and/or overall financial success.

Form 10-Ks. Such summaries and the underlying 10-Ks are relevant to the damages calculations. *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *6 (N.D. Cal. Aug. 19, 2014) (permitting the introduction of exhibits containing global figures such as the company's total revenues, including for non-accused products, so the party proffering its damages case may establish the foundation for the calculations); *Lucent Techs. Inc. v. Gateway, Inc.*, Nos. 02CV206, 03CV0699, 03CV1108, 2007 WL 1306539 (S.D. Cal. 2007) (denying in part motion in limine as to evidence and argument regarding the profitability of the accused products and the divisions making the products).

Microsoft vastly overstates the (nonexistent) risk of prejudice from Brazos's experts explaining their damages calculations. But to the extent the Court is concerned with the issues Microsoft has raised, Microsoft's top-line revenue data can be removed from Exhibits A10 and B11 to the Blok & Bratic Report, and those exhibits can be admitted pursuant to Fed. R. Evid. 1006, without admitting the 10-Ks. *See* Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.").

## II.  EITHER PARTY'S POSITIONS DURING CLAIM CONSTRUCTION

Brazos does not oppose this motion *in limine*.

## III.  SUGGESTION THAT MICROSOFT SHOULD HAVE OR DID NOT PRODUCE DOCUMENTS OR SOURCE CODE, OR SPECULATION REGARDING THE EXISTENCE OF UNPRODUCED DOCUMENTS

Microsoft's third motion *in limine* is improper, hopelessly overbroad, and premature. Evidence regarding the existence or nonexistence of Microsoft documents is relevant to issues in dispute in this case. Microsoft has sought to defend these cases in part by claiming (incorrectly) that Brazos's apportionment analyses are unreliable. *See* ECF No. 170 (Microsoft's Mot. to Exclude WSOU's Experts). In particular, Microsoft contends that in determining reasonable

royalties, Brazos's damages experts should have used "financial data relating specifically to the accused technology or asserted patents." *Id.* at 5. But Microsoft did not produce reliable or complete "financial data relating specifically to the accused technology or asserted patents." Quite the opposite. Among other things, Microsoft (1) did not produce any licensing agreements that were economically or technically comparable to the license that would have been negotiated in a hypothetical negotiation as admitted by its corporate representative; (2) produced virtually no information concerning the total "use" of the accused products for which Microsoft has charged its customers; (3) failed to produce information required to determine the amount of cost savings directly attributable to the teachings of the '902 patent; and (4) did not produce *any* information regarding the value or profitability of the technology claimed by the '702 patent within the accused Windows Server products. It would be inappropriate to bar wholesale "suggestion[s]" "concerning any alleged deficiencies" in Microsoft's production. Such a limine would put Brazos in an impossible Catch-22, in which Microsoft is permitted to criticize Brazos's damages experts for not using sufficiently "specific[]" data but Brazos is not permitted to elicit testimony explaining and/or justifying its experts' approach. That is plainly improper. *See, e.g.*, *Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59 CJW-KEM, 2019 WL 7761809, at *9 (N.D. Iowa Oct. 28, 2019) ("An expert witness may testify that they were not provided with a particular document or specific information and how the absence of the document or information may have impacted their analysis."). Brazos should be permitted to elicit testimony regarding the availability or existence of particular information, which is relevant to the certainty to which the parties' experts could render their opinions and those experts' credibility. *See, e.g.*, *Caluori v. One World Techs., Inc.*, No. CV 07-2035 CAS VBKX, 2012 WL 2004173, at *7 (C.D. Cal. June 4, 2012) (permitting

3

plaintiff to "introduce testimony that defendant's production did not include certain documents" where such evidence was relevant to disputed issues in case).

Microsoft's cited authority offers no fact- or circumstance specific analysis regarding the relevance of testimony or evidence related to the discovery provided by a party. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, Case No. 13-cv-01112-JRG, 2015 WL 12915561, at *3 (no analysis); *Genband US LLC v. Metaswitch Networks Corp.*, Case No. 2:14-cv-33-JRG-RSP, 2015 WL 12911530, at *4 (E.D. Tex. Sept. 30, 2015) (no analysis); *Key Energy Serv., Inc. v. C.C. Forbes, LLC*, No. 2:08-cv-346-CE, 2011 WL 7429433, at *4 (E.D. Tex. June 3, 2011) (no analysis). Moreover, the rulings in *Genband* and *Key Energy* were far narrower than the ruling Microsoft seeks here, as they pertained only to precluding evidence of "discovery disputes." See *Genband*, 2015 WL 12911530, at *4; *Key Energy*, 2011 WL 7429433, at *4. Brazos does not expect to introduce evidence of "discussions of discovery disputes that occurred between the parties," Mot. 5, but can't be hamstrung from rebutting Microsoft's claim that Brazos could and should have relied on Microsoft internal documents.

At a minimum, given the case-specific issues presented by this motion, it should be denied as premature so that the Court can rule with the benefit of a fuller record and in the context of trial. *See Garcia v. Hackman*, No. CA C-10-311, 2012 WL 401048, at *2 (S.D. Tex. Feb. 6, 2012) (explaining that there was "no reason to rule on" motion in limine seeking to prohibit party from introducing into evidence "[t]hat facts exist that are contained in documents not produced initially or through supplementation in response to valid discovery requests" "until presented in the context of the actual trial").

### IV.    SECONDARY INDICIA OF NONOBVIOUSNESS

Microsoft's attempt to preclude Brazos from presenting any argument, evidence, or testimony regarding secondary indicia is not properly the subject of a motion *in limine*.

4

Microsoft does not dispute that Brazos' evidence on secondary considerations of nonobviousness was properly disclosed. Rather, with respect to evidence of commercial success, Microsoft's motion boils down to the assertion that the respective accused products are not coextensive with the patented inventions. The admissibility of such evidence hinges on whether there is "a legally and factually sufficient connection between the proven success and the patented invention." *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988). Microsoft asks the Court to determine that the claims of the '160 Patent are not, as Brazos' infringement expert Dr. McClellan opined, directed to Azure Monitor as a whole. *See* Aronson Decl. Ex. 2 ¶ 34 (McClellan '160 Infr. Rept.). Microsoft similarly asks the Court to conclude that the claims of the '902 Patent are not directed to the whole of Azure Monitor's monitoring capabilities as Dr. McClellan concluded. *See* Aronson Decl. Ex. 3 ¶ 40 (McClellan '902 Infr. Rept.). A motion *in limine* is not the appropriate vehicle to advance dispositive arguments appropriate for summary judgment. *See Infernal Tech., LLC v. Sony Interactive Ent. LLC*, No. 2:19-CV-00248-JRG, 2021 WL 405813, at *6 (E.D. Tex. Feb. 3, 2021) ("Proper *limine* practice is not a second bite at the dispositive apple."); 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc* § 5037.18 (2d ed. West 2009) ("[P]reexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases.").

With respect to industry praise, Microsoft asks the Court to conclude that Dr. McClellan provided no evidence of nexus although Dr. McClellan ███████████████████████████████████████████████████████████████████████████████████████████

███████ Microsoft's motion should further be denied on the basis that it is an improperly

styled motion to exclude expert testimony. *See Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.,* No. 9:09-CV-176, 2010 WL 11469880, at *5 (E.D. Tex. Feb. 26, 2010).

V.   **DOCTRINE OF EQUIVALENTS**

Microsoft's motion *in limine* to preclude any argument, evidence, or testimony regarding alleged infringement under the doctrine of equivalents should be denied as an improper motion for summary judgment and to limit expert testimony. *See Tyco*, 2010 WL 11469880, at *5 (denying motion *in limine* to exclude evidence or argument regarding doctrine of equivalents on basis that the request was "in the nature of a motion to strike portions of [an expert's] report/testimony or a motion for summary judgment . . . and is such is inappropriate for a motion in limine."). Microsoft elected not to bring dispositive or expert motions related to Brazos' doctrine of equivalents theory and now seeks to ask this Court to make such rulings through an *in limine* motion. That should be rejected. Microsoft also plainly did not find Brazos' underlying theory of doctrine of equivalents lacking; otherwise, it would have moved to strike or seek clarification of Brazos' infringement contentions.

Microsoft's motion is also overly broad. The motion is a sweeping and unwarranted attempt to exclude *any* arguments or evidence regarding Brazos' doctrine of equivalents theories. *See Gonzalez v. City of Three Rivers*, No. CA C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) ("Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context."). Brazos is entitled to elicit particularized testimony and linking arguments at trial.

6

VI.  **INDUCED OR CONTRIBUTORY INFRINGEMENT**

Brazos does not oppose this motion *in limine*.

VII.  **EXPERT TESTIMONY OUTSIDE THE SCOPE OF DR. MCCLELLAN'S, DR. BRATIC'S, OR DR. BLOK'S REPORTS**

Brazos does not oppose this motion *in limine*.

VIII.  **ARGUMENT OR IMPLICATION THAT MICROSOFT HAD PRE-SUIT KNOWLEDGE OF THE ASSERTED PATENTS**

Brazos opposes Microsoft's motion to the extent that Microsoft defines the operative date of "suit" as June 2, 2020. The patents at issue in the present cases were the subjects of three earlier complaints filed by Brazos against Microsoft in April 2020 in the Western District of Texas: Civil Action Nos. 6:20-cv-00331 (asserting U.S. Patent No. 7,366,160), 6:20-cv-00341 (asserting U.S. Patent No. 7,106,702), and 6:20-cv-00346 (asserting U.S. Patent No. 8,274,902).

[redacted]

███████████████████████████████████████████████████████████████
█████

    **IX.**     **USE OF ACCUSED FUNCTIONALITIES OR PRODUCTS AS DESCRIPTORS OF THE ASSERTED PATENTS**

Brazos does not oppose this motion *in limine*.

    **X.**     **UNRELATED LAWSUITS OR VERDICTS INVOLVING MICROSOFT**

Brazos does not oppose this motion *in limine*.

    **XI.**     ████████████████████████████████████

There is no valid basis for precluding Brazos from presenting evidence or argument concerning ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
      ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████ Microsoft will have an opportunity to conduct cross examination of Brazos' experts on the ███████ should it wish.

Although Microsoft raises the specter of "misleading the jury," it fails to explain with any particularity how the jury might be misled. If necessary, Microsoft's concerns regarding juror confusion can be addressed with an appropriate limiting instruction that explains the purpose for which the ███████ may or may not be considered. But Microsoft's vague (and unfounded) concerns provide no basis for excluding the ███████ outright prior to trial.

Dated: May 27, 2022                          Respectfully submitted,

                                             SUSMAN GODFREY L.L.P.


                                             By: /s/ *Max L. Tribble*
                                                 Max L. Tribble, Jr.
                                                 Texas Bar No. 2021395
                                                 J. Hoke Peacock III
                                                 Texas Bar No. 15673980
                                                 Shawn Blackburn *(pro hac vice)*
                                                 Texas Bar No. 24089989
                                                 Bryce T. Barcelo
                                                 Texas Bar No. 24092081
                                                 1000 Louisiana Street, Suite 5100
                                                 Houston, Texas 77002-5096
                                                 Telephone: (713) 651-9366
                                                 Fax: (713) 654-6666
                                                 tpeacock@susmangodfrey.com
                                                 mtribble@susmangodfrey.com

9

sblackburn@susmangodfrey.com
bbarcelo@susmangodfrey.com

Kalpana Srinivasan
California Bar No. 237460
Anna Catherine Coll *(pro hac vice)*
California Bar No. 337548
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com
acoll@susmangodfrey.com

Elizabeth Aronson *(pro hac vice)*
New York Bar No. 5704432
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Fax: (212) 336-8340
baronson@susmangodfrey.com

Mark D. Siegmund
Texas Bar No. 24117055
Justin Allen
Texas Bar No. 24081977
STECKLER, WAYNE, COCHRAN,
CHERRY, PLLC
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
justin@swclaw.com

**COUNSEL FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 27, 2022, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned cases were subsequently served on all counsel of record by electronic mail

/s/ <i>Max L. Tribble</i><br>
Max L. Tribble<br>
Counsel for Plaintiff