IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT,<br><br>             Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>             Defendant. | Civil Action No. 6:20-cv-454<br>Civil Action No. 6:20-cv-461<br>Civil Action No. 6:20-cv-465<br><br><br><br>PUBLIC VERSION |

**MICROSOFT CORPORATION'S RESPONSE TO
PLAINTIFF'S OMNIBUS MOTIONS *IN LIMINE***

## LIST OF EXHIBITS

| Decl. Ex. | Document Name |
|---|---|
| A | *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-57, Dkt. No. 508 (W.D. Tex. Feb. 19, 2021) |
| B | *KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-cv-1314, Dkt. No. 416 (E.D. Tex. May 3, 2018) |
| C | *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No 2:19-cv-152 (E.D. Tex. Sept. 30, 2020) |
| D | *PSN Ill., LLC v. Abbott Labs.*, No. 1:09-cv-5879, Dkt. No. 331 (N.D. Ill. Oct. 31, 2012) |
| E | *Ericsson Inc. v. D-Link Corp.*, No. 6:10-cv-473, Dkt. No. 454 (E.D. Tex. May 24, 2013) |
| F | Expert Report of J. Blok & W. Bratic, App'x A (Feb. 1, 2022) |
| G | Response to Office Action, June 12, 2007 ('160 Patent File History) |
| H | Excerpts of Depositions of Kathryn Griffith, Jan. 19, 2022<br><br>Excerpts of Depositions of Rachel Lemberg, Jan. 20, 2022 |

1.       **Reference or Arguments to Motions or Arguments or in Contradiction to the** *Markman* **Orders or Other Prior Orders By This Court:**  Microsoft agrees that neither party should be permitted to present evidence or argument contrary to the claim construction order entered by this Court.  An expert, however, consistent with the Court's claim construction order, should be permitted to describe the plain and ordinary meaning of a term to a Skilled Artisan and explain how that meaning should be applied.[1]  Beyond that, Microsoft simply reserves the right to approach the bench and seek relief if Plaintiff presents a position at trial contrary to what it has taken in a brief (on any topic).

2.       **References to Privileged or Protected Material, Including (a) Questions Intended to Provoke an Answer That is Privileged or Protected, Including References to Claims of Privilege; (b) the Nature of Any Fact Witness's Preparation for Trial or for Deposition Testimony with That Witness's Counsel; (c) the Nature of Any Expert Witness's Preparation for Trial or for Deposition Testimony with That Party's Counsel; or (d) References to a Client's Fee Agreements:**  Microsoft agrees that neither party should be permitted to engage in references or questions regarding (b)-(d), or pose a question solely to draw a privilege objection.

Subpart (a) of this motion *in limine*, however, should be denied as overbroad because it prohibits a party from posing a question that *may* draw a privilege objection or that *may* result in

---

[1] *See Innovation Sciences, LLC v. Amazon.com, Inc.*, No. 4:18-cv-474, 2020 WL 4884000, at *1 (E.D. Tex. Aug. 20, 2020) ("For terms given their plain and ordinary meaning, the jury is free to apply an expert's description of the claims if it is consistent with the jury's understanding." (citations and quotations omitted)); *Sprint Commc'ns Co. L.P. v. Cequel Commc'ns, LLC*, No. 1:18-cv-1752, 2022 WL 609214, at *2 (D. Del. Jan. 28, 2022) ("Applying the term's plain and ordinary meaning, Sprint's expert has offered a theory that selection is a process, not a single step.  Defendants vigorously argue that the term 'selection' means selection of one item from multiple choices which precludes infringement.  Whether Dr. Wicker's theory of infringement meets the claim limitations is for the jury to decide.").

the disclosure of privileged testimony.  Microsoft would be unfairly prejudiced by an *in limine* order that bars questions that may invoke issues of privilege when patent ownership, acquisition, or past licensing remain disputed between the parties.  For example, Plaintiff contends a license involving an asserted patent is non-comparable because Plaintiff's principal "testified he did not believe [a company's] product line matched the technology owned by [Plaintiff]."  Dkt. No. 134 (-454 Case), at 8.  This motion *in limine*, if granted, would bar Microsoft from asking questions about Plaintiff's principal's belief solely because the question may draw a privilege objection.

3.      **Criticisms of the Patent Office or Its Employees:**  Microsoft agrees that neither party should speculate on the expertise of PTO employees.  Plaintiff should not be permitted to tout an examiner's expertise, and Microsoft should not be permitted to state that he or she "lacks expertise" or is "overworked, not diligent, or error prone."  The remainder of this motion *in limine* should be denied as overbroad.  "Criticisms" bars any argument that an examiner did not consider prior art or arguments, may have overlooked data, that a mistake could have been made, that an examiner is busy, or that the patent prosecution process is imperfect, points made by Judge Fogel in the Patent Video that jurors will see at the outset of trial.

4.      **Other Patents as a Defense to Damages Due to "Royalty Stacking":**  Microsoft will not make a "royalty-stacking" argument.  However, Microsoft would be unfairly prejudiced by an *in limine* order that bars it from presenting evidence that shows that Plaintiff's damages theory introduces a royalty burden (or incremental profit split) that would be deemed unacceptable at a hypothetical negotiation for any product that could be covered by multiple patents.  For example, Plaintiff asserts that it is entitled to a profit split based on the *entirety* of

Microsoft's R&D spending, which includes spending on unrelated technology.[2] Microsoft should not be barred from explaining that such a royalty burden would be unacceptable at a hypothetical negotiation because, at Plaintiff's demanded rate, it would require only a few patent licenses to exceed the potential incremental profits of the accused software.

5. **References to Other Proceedings including *Inter Partes* Reviews**: Subject to the narrow exception explained below, Microsoft agrees that neither party should be permitted to argue, suggest, or introduce evidence concerning other proceedings, including argument, suggestion, or evidence on whether Microsoft did or did not pursue *inter partes* review of any asserted patent.

But, if the opposing party opens the door, a party should be permitted to introduce evidence from other proceedings. It appears that Plaintiff believes identical complaints (filed in April 2020, a few months before the complaints that initiated these cases were filed in June 2020, and voluntarily dismissed in June 2020) are somehow relevant to the issue of pre-suit notice. If Plaintiff claims pre-suit knowledge of the asserted patents by Microsoft based on the earlier-filed, and voluntarily dismissed complaints, it would be unfairly prejudicial to bar Microsoft from explaining what really happened. And to the extent that Plaintiff takes positions at trial inconsistent with the positions it has taken in the corresponding *inter partes* review proceedings, Microsoft should be permitted to present such prior inconsistent statements to the jury. *See, e.g., Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) ("Extending the

---

[2] *See, e.g.*, Expert Report of J. Blok & W. Bratic, App'x A, ¶ 184 ( ███████████████████████████████████████████████████████████ ).

3

prosecution disclaimer doctrine to IPR proceedings will ensure that claims are not argued one way in order to maintain their patentability and in a different way against accused infringers.").

**6.    References to or Evidence Concerning Equitable Issues, Laches, Inequitable Conduct, Deceptive Intent, Fraud on the Patent Office, Misstatements about Claim Scope, Misleading the Patent Office, Misrepresentations to the Patent Office, or Withholding from the Patent Office:** Microsoft agrees that neither party should be permitted to reference Laches, Inequitable Conduct, Deceptive Intent, Fraud on the Patent Office, Misleading the Patent Office, or Misrepresentations to the Patent Office.

The remainder of this motion *in limine* should be denied as vague and overbroad. Microsoft would be unfairly prejudiced by an *in limine* order that prohibits it from presenting evidence that various prior art references were not considered by the examiner, that some claim limitations were known in the prior art, or summarizing what is claimed or disclosed in the asserted patents—*i.e.*, discussing "claim scope." Further, the majority of the claim terms have their plain and ordinary meaning, an expert should be permitted to describe the plain and ordinary meaning of a term to a Skilled Artisan and how that meaning should be applied. *See* Plaintiff's MIL 1, *supra*.

**7.    Relative Importance of Claim Elements:** Microsoft agrees that neither party should be allowed to introduce argument that any one claim element is more "important" than another.

The remainder of this motion *in limine* should be denied as overbroad. Microsoft would be unfairly prejudiced by an *in limine* order that bars it from conducting a limitation by limitation analysis of the claims and explaining that certain limitations were admittedly known in the prior art or that other claim limitations supposedly distinguish the invention from the prior art. For example, the applicant for the '160 Patent represented to the PTO that certain limitations of the

4

eventually-issued claims were known in the prior art.[3] Neither party should be permitted to assert that those limitations were, for example, unknown or that those limitations are part of the incremental advance over the prior art as it concerns damages. *See KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-cv-1314, Dkt. No. 416, **3-4 (E.D. Tex. May 3, 2018) (denying MIL seeking to preclude parties from "[a]lleging relative importance of claim elements of the claims" explaining "[a]lthough no one claim element is more important than another for the purpose of defining the invention, certain claim elements can be more important than others for other purposes—*e.g.*, for overcoming prior art during prosecution, proving infringement, or proving invalidity"). *See also Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1570 (Fed. Cir. 1998) ("A statement in a patent that something is in the prior art is binding on the applicant and patentee for determinations of anticipation and obviousness.").

8. **Evidence, Testimony, or Argument that the Accused Products Do Not Resemble the Examples in the Specification:** Microsoft agrees that neither party should be permitted to directly compare an accused product to an example in a specification without reference to the claims.

The remainder of this motion *in limine* should be denied as overbroad and vague. Microsoft would be unfairly prejudiced by an *in limine* order that prevents it from discussing the text and figures of the asserted patents (including examples) in order to educate the jury on an

---

[3] *Compare* Response to Office Action, June 12, 2007, at 6-7 (Prior art reference "teaches a quality of service monitor for a multimedia communications system which [(1)] selects at least two parameters (packet loss and jitter). [(2)] The parameters are measured at regular and frequent intervals. [(3)] A service indicator (voice quality) is estimated at regular intervals based on the determined parameters." (citations omitted)) *with* '160 Patent (Dkt. No. 1-1), Claim 1 ("the method comprising the steps of: [(1)] selecting two or more parameters of a network . . . [(2)] measuring . . . values of the network parameters . . . [(3)] determining at two or more times the value of a service indicator as a function of said . . . parameter values").

asserted patent's teachings or to illustrate the nature of the claims.  *See SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 492 (E.D. Tex. 2013) (denying JMOL based on purported comparison of products to claims because the "testimony regarding the preferred embodiments amounted to nothing more than an effort to educate the jury about the teachings of the [asserted] patent"); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-57, Dkt. No. 508, at *6 (W.D. Tex. Feb. 19, 2021) (denying request to "Exclude Comparisons of Intel Products to Patent Embodiments").

**9.    Evidence, Testimony, or Argument Concerning Unanalyzed or Unelected Prior Art as Either Invalidating or Disclosing a Non-Infringing Alternative:**  Microsoft agrees that it will not assert that a prior art reference, system, or combination that was not disclosed in its experts' reports discloses or supplies a claim limitation for the purposes of invalidity.

The remainder of this motion *in limine* should be denied as overbroad.  Microsoft would be unfairly prejudiced by an *in limine* order that bars it from discussing the state of the art by using background prior art references.  The use of background prior art is contemplated in the statute and is routine.  *See* 35 U.S.C. § 282 (disclosure of references "showing the state of the art"); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No 2:19-cv-152, Dkt. No. 279, *3 (E.D. Tex. Sept. 30, 2020) (denying "Solas MIL No. 2: Evidence of 'background' prior art not properly disclosed in invalidity contentions"); *PSN Ill., LLC v. Abbott Labs.*, No. 1:09-cv-5879, Dkt. No. 331, at *10 (N.D. Ill. Oct. 31, 2012) (denying motion *in limine* that would exclude discussion of references the were discussed in expert reports but not used in invalidity analysis for the "limited purpose of showing the 'state of the art'" at trial).  Microsoft notes that Plaintiff misstates this Court's holding in *VLSI*.  There, this Court granted a motion *in limine* on "non-elected prior art" solely as "[r]elevant to damages; but ***not a decision on admissibility for other purposes***."  *VLSI*, Dkt. No. 508, at *5 (emphasis added).

**10.   Brazos's Business Model and Name:**  Microsoft agrees to a symmetrical *in limine* order barring both parties from using pejoratives or loaded terms, including but not limited to "troll," "pirate," "Big Tech," or "efficient infringement."

The remainder of this motion *in limine* should be denied as arbitrary and asymmetrical. *First*, Microsoft would be unfairly prejudiced if Plaintiff references its business and Microsoft is barred from completing or probing that description by presenting evidence that accurately describes Plaintiff (*e.g.*, as an entity that asserts patents that does not make or sell any products). *Second*, Plaintiff did not employ the "Brazos" moniker in conjunction with these proceedings for the majority of the time these cases were pending. In fact, most of Plaintiff's documents list the entity "WSOU," not Brazos, including the asserted patents, contracts, and financial documents. In light of this record, there should be no arbitrary limitation as to which of its multiple names the parties use to refer to Plaintiff. With respect to "We-Sue," that is a pronunciation of "WSOU" that Plaintiff's counsel has employed. *See, e.g.*, Griffith Dep., 35:4-6; Lemberg Dep., 5:9-10, 13:13-14.

**11.   Non-Infringement Arguments based on Preferred Embodiments:**  Microsoft submits that this motion *in limine* be resolved in the same manner as Plaintiff's MIL No. 8, *supra,* with neither party being permitted to directly compare an accused product to an example in the specification without reference to the claims. As noted above, Microsoft would be unfairly prejudiced by an *in limine* order that bars it from educating the jury on the claimed or disclosed invention through the preferred embodiments in the asserted patents.

**12.   Prior Claims, Causes of Action, or Forms of Relief:**  Microsoft agrees that neither party shall refer to prior claims, causes of action, or forms of relief. However, as noted in Microsoft's response to Plaintiff's MIL No. 5, *supra*, Microsoft should be permitted to discuss

prior, identical complaints (that were voluntarily dismissed shortly after filing) involving the asserted patents, if Plaintiff claims pre-suit knowledge by Microsoft based on those complaints.

13.     **Compensation to Brazos's Owners, Officers, Employees, and Investors From Interest in Brazos:**  The parties agree that neither party shall refer to the compensation of the other party's current or former owners, officers, employees and investors.

14.     **Microsoft's Patents:**  This motion *in limine* should be denied as unfairly prejudicial because it prejudices Microsoft in rebutting core aspects of Plaintiff's damages theory. *First*, Plaintiff's damages expert contends the original assignee of the patents is an "inventor" while Microsoft is a "promoter" of the purported inventions. *Second*, Plaintiff relies on the entirety of Microsoft's R&D spending to calculate damages—without any effort to identify the basis or result of that spending. And, *third*, Plaintiff contends broad categories of features (in the case of Network Policy Server) or entire product offerings (in the case of Azure Monitor, Network Performance Monitor, or Network Watcher) are wholly attributable to the asserted patents. Microsoft should be permitted to present rebuttal evidence that shows that it has sought patents related to certain accused features or products through witnesses that Plaintiff has had the opportunity to depose (and thus show that Microsoft is an "inventor"), as well as evidence on the total volume of patents sought and granted for the years where Plaintiff's expert relies on Microsoft R&D expenditures. *See Ericsson Inc. v. D-Link Corp.*, No. 6:10-cv-473, Dkt. No. 454, **2-3 (E.D. Tex. May 24, 2013) ("Defendants may present evidence of their own patents and contributions to the 802.11 standard").

15.     **References to Forum Shopping, Litigation Abuse, or the Western District of Texas as a Popular or Improper Venue:**  Microsoft agrees that neither party should be allowed to discuss forum shopping, litigation abuse, or improper venue.

8

The remainder of this motion *in limine* should be denied as overbroad to the extent it bars general reference to "forum," "venue," or "litigation." Such an *in limine* order would unfairly prejudice Microsoft because it would deny Microsoft the opportunity to present basic facts about Plaintiff, including its recent connection to Waco, its business model of litigating patents, and the acquisition of the asserted patents for litigation.

16. **Argument or evidence that the damages sought are unprecedented or represent a lottery ticket or similar disparaging terms or arguments**: Microsoft agrees that it will not refer to the damages sought as "unprecedented" or a "lottery ticket."

The remainder of this motion *in limine* should be denied as overbroad to the extent it prevents Microsoft from providing reasonable characterizations of the flaws in Plaintiff's damages theory. For example, as noted above, Plaintiff asserts it is entitled to a profit split based on the entirety of Microsoft's R&D spending, which includes research performed on unrelated technology. *See* Plaintiff's MIL No. 4, *supra*. Microsoft should be permitted to explain that Plaintiff's analysis is "disproportionate" and "unconnected" to Microsoft's R&D spending and would result in an "excessive" damages award or provide a "windfall."

17. **Microsoft's Reputation in the Industry, Innovation, or Philanthropy**: Microsoft agrees that neither party should be permitted to discuss philanthropy or community work or involvement.

The remainder of this motion *in limine* should be denied as overbroad. Microsoft would be unfairly prejudiced by an *in limine* order that bars it from discussing its reputation for innovation when the damages issues in this case involve the identity of Microsoft's competitors, the scope of the industry, and whether Microsoft is an "inventor" or a "promoter." *See VLSI*, Dkt. 508, at *3 (denying motion *in limine* on "Intel's reputation for innovation").

9

18.      **References to Potential Damages as Increasing the Price of Products or Leading to Job Losses:**  Microsoft agrees to a symmetrical *in limine* order that also precludes Plaintiff from arguing that its damages claims will not harm or impact a company of Microsoft's size.

19.      **Predecessors' Non-Assertion of Patents-in-Suit against Microsoft:**  Microsoft agrees that neither party should be permitted to suggest that because a predecessor (*e.g.*, Alcatel-Lucent, Nokia etc.) did not assert the patents against Microsoft that the jury should draw some inference from that concerning whether the predecessor understood the asserted patents to be invalid or infringed.

The remainder of this motion *in limine* should be denied as overbroad because it bars Microsoft from contextualizing the asserted patents.  Microsoft should be permitted to discuss the nature of the predecessor's business and the context in which the asserted patents were developed.  Further, Microsoft should be permitted to discuss a predecessor's conduct concerning the asserted patents, including its decision to sell the asserted patents.

20.      **Value and propriety of Patents Acquired from Others:**  Microsoft agrees that neither party should be permitted to argue that (1) it is improper to assert patents acquired from others; (2) it is improper to assert patents without practicing them; or (3) acquired patents are less valuable than other patents, solely because they were acquired.

The remainder of this motion *in limine* should be denied as overbroad.  Microsoft would be unfairly prejudiced by an *in limine* order that bars it from referencing the "value" of the asserted patents including their purchase price, the amount paid for any prior license to the asserted patents (including to a portfolio encompassing the asserted patents), or barred from noting that Plaintiff does not practice the patents.  Plaintiff has placed the practice of the asserted

patents at issue through its damages theory which claims that a predecessor was the "inventor" and that Microsoft is the "promoter" of the claimed technology.[4]

21. **Absence of Inventors at Trial:** This motion *in limine* should be denied. Consistent with this Court's ruling in *VLSI*, Microsoft will not present argument on or suggest what Plaintiff could or should have done, or that Plaintiff is hiding information. *See VLSI*, Dkt. 508, at **4-5 (Intel cannot argue VLSI "should've/could've brought inventors and they're hiding something"). Likewise, Plaintiff should not be permitted to suggest that Microsoft should have or could have deposed or otherwise brought the inventors to trial.

Microsoft only intends to make the factual point that the jury will not hear from the inventors. Plaintiff has long planned for the absence of the inventors at trial. Beginning with its initial disclosures, Plaintiff did not identify the inventors as individuals with ***any*** information relevant to the claims and defenses in these cases. Fed. R. Civ. P. 26(a).

22. **Allegations that Individual Claim Elements Were In the Prior Art:** This motion *in limine* should be denied. Microsoft would be unfairly prejudiced by an *in limine* order that bars Microsoft from making arguments consistent with the patentee's own statements regarding the state of the art, what was known in the art, or acknowledgements that certain claim limitations were found in the art. For example, during the prosecution of the '160 Patent, the applicant admitted that the prior art disclosed certain claim limitations. The patentee should not be permitted to assert that those limitations were unknown in the art or are part of the incremental advance over the prior art for the purposes of damages. *See* Plaintiff's MIL No. 7, *supra*.

---

[4] *See, e.g.*, Expert Report of J. Blok & W. Bratic, App'x A, ¶ 170 ("The relationship of Nokia and Microsoft would have been one of inventor and promoter, respectively.").

23.     **Witnesses Not Disclosed and Contained on Microsoft's Witness List:** The parties agree neither party is permitted to call a witness who is not disclosed on that party's witness list.

24.     **Law Firm and Lawyer Characteristics:** Microsoft agrees that neither party can comment on the other party's law firm or lawyer characteristics.

The remainder of this motion *in limine* should be denied as overbroad to the extent it prohibits all reference to "actions taken or not taken" by counsel. For example, as noted in connection with Plaintiff's MIL Nos. 5 and 7, *supra*, a party should not be permitted to contradict representations made to the PTO (whether during prosecution or an IPR proceeding) by counsel.

25.     **References to How or to Whom a Damages Award May be Distributed:** Microsoft agrees with this motion *in limine*.

DATED: May 27, 2022               Respectfully submitted,

                                  */s/ Richard A. Cederoth (by permission)*

                                  Melissa R. Smith, Bar No. 24001351
                                  melissa@gillamsmithlaw.com
                                  James "Travis" Underwood, Bar No. 24102587
                                  travis@gillamsmithlaw.com
                                  **GILLAM & SMITH, LLP**
                                  303 South Washington Avenue
                                  Marshall, Texas 75670
                                  Tel: (903) 934-8450
                                  Fax: (903) 934-9257

                                  Michael J. Bettinger
                                  mbettinger@sidley.com
                                  Irene Yang
                                  irene.yang@sidley.com
                                  Brooke S. Boll
                                  brooke.boll@sidley.com
                                  **SIDLEY AUSTIN LLP**

555 California Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

Richard A. Cederoth
rcederoth@sidley.com
John W. McBride
jwmcbride@sidley.com
Richard M. Chen
rchen@sidley.com
Kevin Robert Oliver
kevin.oliver@sidley.com
**SIDLEY AUSTIN LLP**
1 South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

***ATTORNEYS FOR MICROSOFT CORPORATION***

## CERTIFICATE OF SERVICE

I, Richard M. Chen, certify that on May 27, 2022 this document and related exhibits (unless previously-filed or non-confidential) were filed under seal with the Clerk of Court via the Court's CM/ECF system. This documents and the applicable exhibits were subsequently served on all counsel of record by electronic mail.

DATED: May 27, 2022  /s/ Richard M. Chen

Richard M. Chen
rchen@sidley.com
**SIDLEY AUSTIN LLP**
1 South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

***ATTORNEY FOR MICROSOFT CORPORATION***